## HARINGTON & CO. v. R. P. NEELY.

REPLEVIN. *Verdict.* On the trial of an action of replevin, the jury returned into court and announced to the court that they had agreed on a verdict for defendant without damages, stating that they meant they found for the value of the property without interest, without saying what they found to be the value of the property. Whereupon the court instructed them, that if they found the right of property to be in the defendant, they must assess its value. The jury replied that they could not do so, because there was no evidence of its value introduced on the trial. The court then told them that one of the witnesses had stated its value, but that the court would not state what the witness had said. The jury then retired, and returned a verdict for the value of the property.

*Held,* that there was no error in this action of the court.

---

### FROM HARDEMAN.

---

Appeal from the Circuit Court.    G. B. BLACK, Judge.

HILL & HARDEN for complainants.

WOOD & McNEAL for defendant.

McFARLAND, J., delivered the opinion of the court.

This was an action of replevin for two bales of cotton. The verdict and judgment were for the defendant.

When the jury returned into court they said they had agreed upon a verdict for the defendant, without damages, stating that they meant they found for the value of the cotton without interest, without saying what they found to be the value of the cotton.

Harington & Co. *v.* Neely.

Whereupon the court instructed them, that if they found the right of property to be in the defendant, they must assess the value of the two bales of cotton. Whereupon one of the jurors said this was an impossibility, as there was no proof before the jury either as to the weight, character or price of the cotton. The court said Gen. Neely, the defendant, stated the price of cotton, but that the court would not state what Gen. Neely said the price was. The court then instructed the jury as to the manner in which they were to determine the value of the cotton. The plaintiffs' counsel asked the court to instruct the jury that the price for which the cotton sold was a circumstance to which they might look to fix the value at the time it was replevied. The court said this might be looked to, provided it was sold immediately after in the same market where it was taken; but if the cotton was held a considerable time, and then taken to Memphis, New Orleans, or other market, what it there sold for would not be evidence of its value at the time and place it was replevied. Under this instruction the jury again retired, and returned a verdict fixing the value of the cotton as damages for the defendant.

The plaintiff did not move the court for a new trial, but insisted that the verdict as first announced by the jury should be entered, and judgment rendered accordingly.

We are of opinion that there is no error in the action of the court in this respect. It is clear that the failure of the jury to fix the value of the cotton

in the first instance was the result either of a misunderstanding of their duty in this regard, or of a want of memory of the testimony, for the bill of exceptions shows that, in fact, there was evidence before the jury authorizing the verdict they finally rendered. The judge did not invade the province of the jury in calling their attention to the testimony. It was not proper to receive the verdict as first announced by the jury, without instructing them that this verdict was not complete. The result of this would have been to decide the case for the defendant, and yet leave the property · with the plaintiff. This was not properly disposing of the case, and the court acted correctly in calling the attention of the jury to their duty in this respect; and it was not error to call their attention to the fact that a witness had stated the value of cotton, as the bill of exceptions shows he had. Courts sit for the purpose of rendering complete justice as near as may be, and they should not permit the rights of parties to be lost by mere oversight or mistake. It was not contended in the court below, nor is it here, that the jury were not justified by the evidence in rendering the verdict, but that having in the first instance, either from a misunderstanding of their duty or by overlooking the testimony, announced an incomplete verdict, and one upon which the court could not render the proper judgment in such a case; that this mistake could not be corrected; that the court was compelled to receive the verdict and render judgment for costs only. We think this cannot be the law.

Upon the merits, we do not understand that the plaintiff complained in the court below that the case was decided against him; on the contrary, insisted that the verdict against him should be received, and judgment rendered accordingly for costs. He did not ask for a new trial. We think, however, the charge is correct. The bill of exceptions does not purport to contain all the evidence, and we must therefore presume the evidence fully authorized the verdict.

The judgment will be affirmed.